*Bramble v. Moody's Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty-four.

PRESENT:
>     RICHARD J. SULLIVAN,
>     MYRNA PÉREZ,
>     MARIA ARAÚJO KAHN,
>          *Circuit Judges.*

_____

FELICIA BRAMBLE,

>          *Plaintiff-Appellant*,

>     v.                                                      No. 23-506

MOODY'S CORPORATION, SCOTT KENNEY,
in his capacity as Senior Vice
President Chief Audit Executive,
ADAM BERKOWITZ, in his capacity as
Senior Vice President of Accounting,

>          *Defendants-Appellees*.*

_____

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Plaintiff-Appellant: Jason M. Wolf, Rutkin & Wolf PLLC, White Plains, NY.

For Defendants-Appellees: Amy J. Traub, Baker & Hostetler LLP, New York, NY; Paul M. Knettel, Baker & Hostetler LLP, Houston, TX.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 2, 2023 judgment of the district court is **AFFIRMED**.

Felicia Bramble, a former payroll manager at Moody's Corporation ("Moody's"), appeals from the district court's grant of summary judgment in favor of Moody's and two senior Moody's employees (collectively, "Defendants") on Bramble's claims of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law (the "NYSHRL"), and the New York City Human Rights Law (the "NYCHRL").[1] On

---

[1] Although the district court's decision did not explicitly set forth the basis for its jurisdiction over Bramble's state-law claims, neither party challenges the district court's exercise of supplemental jurisdiction over these claims, and we are satisfied that the district court did not abuse its discretion in doing so. *See Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002) (concluding that the district court should have exercised supplemental jurisdiction over NYSHRL discrimination claim because that claim arose "out of approximately the same set of events as [plaintiff's] federal retaliation claim"). To the extent Bramble's brief implies that she is asserting

2

appeal, Bramble argues that the district court erred in concluding that she failed to make a *prima facie* case of discrimination. "We review a district court's grant of summary judgment *de novo*," *Kee v. City of New York*, 12 F.4th 150, 157 (2d Cir. 2021), and will affirm when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In considering Bramble's Title VII and NYSHRL discrimination claims, we employ the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015); *see also Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). To establish a *prima facie* case of discrimination, Bramble must demonstrate that (1) she belongs to a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) "the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Tolbert*, 790 F.3d at 435 (internal quotation marks omitted). If Bramble

---

claims pursuant to 42 U.S.C. § 1981, we decline to consider her arguments as they were not raised in the district court and are therefore forfeited. *See New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 662 (2d Cir. 2015).

makes out this *prima facie* case, the burden then shifts to Defendants to "proffer some legitimate nondiscriminatory reason for the adverse action." *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010). If Defendants carry this burden, Bramble must then present sufficient admissible evidence "to permit a rational finder of fact to infer that [Defendants'] employment decision was more likely than not based in whole or in part on discrimination." *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 75 (2d Cir. 2016) (internal quotation marks omitted); *see also Vivenzio*, 611 F.3d at 106 (explaining that, at step three, the "plaintiff is given an opportunity to adduce admissible evidence that would be sufficient to permit a rational finder of fact to infer that the employer's proffered reason is pretext for an impermissible motivation" (internal quotation marks omitted)).

NYCHRL claims must be analyzed "separately and independently from any federal and state law claims," and the NYCHRL's provisions must be construed "broadly in favor of discrimination plaintiffs to the extent that such a construction is reasonably possible." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 75 (2d Cir. 2015) (internal quotation marks omitted). Summary judgment is appropriate "if no reasonable jury could conclude either that [Defendants'] reasons were pretextual" or that Defendants' conduct "was based at least in part on

4

discrimination."   *Id.* at 76 (internal quotation marks omitted); *see also Mihalik v.*

*Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 n.8 (2d Cir. 2013).

The district court granted summary judgment to Defendants on Bramble's

Title VII, NYSHRL, and NYCHRL claims, concluding that she failed to proffer

sufficient evidence to create a genuine dispute of material fact as to whether

discrimination played any role in Defendants' decision to terminate her, and that

she therefore failed to establish a *prima facie* case as to any of her claims (including

under the NYCHRL).   On this record, we need not decide whether Bramble

established a *prima facie* case because Defendants clearly identified a legitimate,

nondiscriminatory reason for Bramble's termination, and Bramble failed to

present evidence sufficient to permit a reasonable juror to conclude that

Defendants' reason was pretextual or that their actions were based – even in part

– on discrimination.   We therefore affirm the district court's grant of summary

judgment in favor of Defendants.

Here, there can be no doubt that Defendants identified a "legitimate[,]

nondiscriminatory reason" for Bramble's termination.   *Spiegel*, 604 F.3d at 80.   It

is undisputed that Bramble failed to follow the company's internal procedures for

changing an employee's direct deposit information, and directed her subordinate

5

to do the same, when she received a phishing email requesting that a senior manager's account information be changed. It is likewise undisputed that – although this procedure was not codified into a formal, written policy at the time – Bramble was aware of the payroll department's processes for verifying and implementing changes to an employee's direct deposit information. Indeed, the record confirms that, while Bramble understood the relevant policy, she made a "mistake" and "forgot" to request a voided check or a bank letter before directing her subordinate to change the senior manager's account information as requested in the email. J. App'x at 488. Bramble's admitted policy violation plainly constitutes a legitimate, nondiscriminatory reason for her termination.

Moreover, given the undisputed facts concerning Bramble's policy violation, no reasonable finder of fact could conclude that Defendants' decision to terminate her was motivated by racial animus. Bramble admitted that "if a violation of [Moody's] protocol is evident[,] termination is appropriate," and if a "policy violation is severe enough, Moody's can and will terminate for a first offense." *Id.* at 494. Bramble does not deny – nor could she – that she instructed her direct report to circumvent payroll's established process in the course of changing the senior manager's direct deposit information. And while Bramble

may disagree that termination was warranted in this circumstance, her disagreement as to the severity of her violation is insufficient to show discrimination or pretext. *See Bentley v. AutoZoners, LLC*, 935 F.3d 76, 89 (2d Cir. 2019) (explaining that a plaintiff cannot prevail on a claim of discrimination "simply by questioning whether her misconduct was sufficiently severe to warrant termination"); *see also Alfano v. Costello*, 294 F.3d 365, 377 (2d Cir. 2002) (noting that the court's "role is to prevent unlawful hiring practices, not to act as a superpersonnel department that second guesses employers' business judgments," and therefore courts are not to consider "personnel decisions that lack a linkage or correlation to the claimed ground of discrimination" (internal quotation marks omitted)).

Bramble's various arguments that the circumstances of her termination demonstrate discriminatory animus or pretext are unavailing. For example, her contention that Moody's failed to consider a penalty short of termination – such as suspension or additional training on how to recognize spam or phishing emails – is of no moment given that the company's code of conduct makes clear (and Bramble herself recognizes) that Moody's was not obligated to undertake any form of progressive discipline or retraining in advance of a termination decision. *See*

7

*Graham v. Long Island R.R.*, 230 F.3d 34, 41 (2d Cir. 2000). Nor has Bramble advanced competent evidence that any similarly situated Moody's employee was provided additional training, subjected to progressive discipline, awarded a lesser sanction, or given more favorable treatment in the wake of a comparably serious violation. *See Ruiz v. County of Rockland*, 609 F.3d 486, 494 (2d Cir. 2010) (stating that a showing of disparate treatment requires that comparator co-employees "be similarly situated to the plaintiff in all material respects," including having "engaged in comparable conduct" (internal quotation marks omitted)). Without proper comparators, Bramble's assertions that she was terminated despite having received "excellent evaluations," having "no prior disciplinary history," and not "cost[ing] the company a dime" as a result of this incident, Bramble Br. at 12, are insufficient to demonstrate that this employment decision had anything to do with her *race*. *See Ruiz*, 609 F.3d at 495; *see also Buon v. Spindler*, 65 F.4th 64, 82 (2d Cir. 2023) (explaining that the "*sine qua non* of a . . . race-based discrimination suit is that the discrimination must be *because of* the plaintiff's protected characteristic" (internal quotation marks and alterations omitted)).

Bramble's conclusory assertion that two other Moody's employees made complaints against the same second-level supervisor who fired Bramble does not

8

alter this conclusion. As to one of these employees, Bramble's only evidence that the employee ever complained about racial discrimination was Bramble's own unsubstantiated belief, which is insufficient to raise a genuine issue of material fact. *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008). As to the other employee, the record reflects that she did not complain until nearly two years after Bramble was fired, that her complaint concerned the supervisor's failure to put her up for promotions (as opposed to wrongful termination or discipline), and that she failed to assert any nonspeculative facts in support of her belief that she was denied promotions because of her race. As a result, these complaints fail to raise a genuine dispute as to whether Bramble's termination was racially motivated.

To the extent Bramble relies on certain of her experiences at Moody's prior to her violation to suggest that her termination was in some way motivated by her race, her examples fail to demonstrate that discrimination played any role in Defendants' decision to terminate her. Specifically, Bramble claims that her second-level supervisor shut off her phone access while allowing two "Caucasian employees . . . to keep their company phones," Bramble Br. at 14; that she was seated behind a partition in her office "where no one could see her," unlike other

9

employees who were more visible, *id.* at 11; that the promotions of "Caucasian employees . . . were announced in finance meetings but [hers] never were," *id.*; and that the human resources department revoked her access to "salary banding" information after she allegedly saw that she made less "than similarly situated Caucasian employees," *id.* But as the district court correctly noted with respect to each of these examples, Bramble failed to explain how she was similarly situated to any of the employees to whom she sought to compare herself – all of whom held different titles, performed different job duties, worked in different departments, or had different levels of seniority than Bramble.

The only example advanced by Bramble that even arguably supports an inference of racial animus was an instance nearly a year before Bramble's termination where her second-level supervisor allegedly asked her if she believed he had ever discriminated against her. As the district court appropriately found, however, this question was unconnected to any purported adverse employment decision and is therefore insufficient to demonstrate discriminatory intent. *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 307 (2d Cir. 2021) ("[S]tray remarks, without more, do not constitute sufficient evidence to make out a case of employment discrimination." (emphasis and internal quotation marks omitted));

10

*Mihalik*, 715 F.3d at 111 (explaining that defendants can avoid liability under the NYCHRL if the "conduct complained of consists of nothing more than . . . petty slights and trivial inconveniences" (internal quotation marks omitted)); *see also Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010) (noting that, in determining whether a statement is probative of discrimination, a district court may consider "the context in which the remark was made (i.e., whether it was related to the decision[]making process)"). In fact, Bramble herself perceived this interaction merely as "weird," J. App'x at 496, rather than as indicative of any racial animus or hostility. The district court was therefore justified in granting summary judgment to Defendants on Bramble's discrimination claims.

We have considered Bramble's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11